[No. 18899.   Department Two.   January 23, 1925.]

THE STATE OF WASHINGTON, *Respondent*, v. ARTHUR L. .PRIEST, *Appellant*.[1]

CRIMINAL LAW (107)—EVIDENCE—OTHER OFFENSES.  In a prosecution for rape, it is not prejudicial error that a witness made an inadvertent remark tending to show an independent offense upon another child, where the assaults were so related to the offense charged as to form part of the same offense and everything possible was done to keep knowledge of the separate offenses from the jury and to withdraw them from consideration.

WITNESSES (11)—COMPETENCY—AGE OF WITNESS—DISCRETION.  Under Rem. Comp. Stat., § 1213, a child eight years of age is not incompetent and may, in the discretion of the court, testify if capable of receiving just impressions of the facts.

RAPE (20)—EVIDENCE—PHYSICAL CONDITION—ADMISSIBILITY.  In a prosecution for rape it is permissible, as corroborative of direct evidence, to show that the accused and the victim of the assault were suffering from the same venereal disease.

SAME (27)—EVIDENCE — SUFFICIENCY — WANT OF COMPLAINT BY PROSECUTRIX.  Lack of complaints by a girl under ten years of age, does not establish insufficiency of the evidence to sustain a conviction of rape, where there was unquestioned evidence that an assault had been made upon her.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered April 12, 1924, upon a trial and conviction of rape.  Affirmed.

*S. A. Bostwick*, for appellant.

*Floyd Hatfield* and *G. D. Eveland*, for respondent.

FULLERTON, J.—The appellant was informed against and, upon trial before a jury, convicted of the crime of statutory rape committed upon a female child under the age of ten years.  From the judgment of conviction he appeals, assigning the following errors:

"1.   Court erred in permitting Mrs. Helen Williams, the mother of the prosecutrix, to testify over objec-

[1]Reported in 232 Pac. 353.

tions of counsel that 'all three of her girls had symptoms of venereal diseases,' and that such continued until they were brought over to the Girls' Home the first of January, as shown.

"2.   Court erred in permitting Helen Williams, the eight-year-old sister of the prosecutrix, to testify and in refusing to strike out her testimony and permitting the jury to consider it.

"3.   Court erred in permitting Ray Tucker, Carl Jones, and F. P. Race and others to testify over the objections of appellant to conversations with the appellant and statements by the appellant during the summer of 1923, in substance, to the effect that he had venereal disease.

"4.   Court erred in refusing to grant appellant's motion for directed verdict.

"5.   Court erred in refusing appellant's motion for a new trial."

An outline of the statement of the facts may aid in a better understanding of the errors assigned.   Mrs. Williams, the mother of the victim of the assault, lived in the town of Coupeville, in this state.   She had a home of her own therein wherein she usually resided with the daughter mentioned and two other daughters, one aged eight years and the other four.   A Mrs. Jenne conducted a hotel in the town.   It was the custom of Mrs. Jenne, when the hotel became so far crowded as to require additional temporary help, to call upon Mrs. Williams for such help.   At such times Mrs. Williams, with her daughters, boarded and roomed at the hotel, the family occupying two of the rooms therein.   On September 30, 1923, an unusual number of people came to Coupeville.   On the following day a session of the superior court was to be opened, there was to be a session of the county commissioners, and it was the opening of the hunting season.   The hotel began to fill up, and Mrs. Williams came over to assist with the work.   She brought her

daughters with her, and the family was assigned the two rooms they usually occupied.

The appellant was at that time forty-nine years old. He owned and operated a taxicab, and made his headquarters at the hotel. He was well and favorably known by both Mrs. Jenne and Mrs. Williams, and seems to have been well thought of generally by other residents of Coupeville. He was fond of children, and children generally were fond of him. It was his habit, when carrying fares that did not take all of the available space in his vehicle, to carry small children with him, and he would frequently load his vehicle with children and take them to picture shows at the neighboring government fort, some four miles distant. The Williams children were among those he so favored.

Towards the end of the day of September 30th, all of the available rooms in the hotel were taken, and a request was made for an additional room. As Mrs. Jenne operated the only hotel at Coupeville, she felt obligated to comply with these requests as far as possible. She talked the matter over with Mrs. Williams, and it was suggested by one of them that the appellant take the children to Mrs. Williams' home, stay in the house with them during the night, and thus make the room occupied by them at the hotel available to the person requesting a room. The appellant was called, and the matter proposed to him, to which he assented. Later on he took the girls to the home, and it was sometime during the night that the assault charged in the information was made.

The girl assaulted, subsequent examinations showed, was badly lacerated and bruised. She made no complaint of the outrage to her mother or anyone, although she saw her mother on the next morning and attended school on the following day. The appellant stayed at the home on the two following nights. The elder girl,

however, refused to stay at the home under the original conditions. On the first of the nights she brought a school girl friend, some years older than herself, to stay with her, and on the following night stayed at the home of the friend. There was indirect evidence that the appellant at some of these times took improper liberties with the younger girls, and they likewise made no complaint of it. The mother, in fact, did not learn or suspect that the girls had been assaulted until they began to show a purulent discharge and were taken to a physician for examination. It was then discovered that they were each suffering from a contagious venereal disease. Subsequent inquiry disclosed the fact of the assault.

The information charged an assault upon the elder girl only. When the mother was questioned concerning her discovery of her illness and its nature and duration, she used the plural pronoun "they," referring to all of her daughters, in some of her answers. It is on this fact that the appellant bases his first assignment of error. He argues that he was tried for "three crimes instead of one," and that this is contrary to the general rule and the rule frequently heretofore announced by this court. But we find no error in this respect. The several assaults were so nearly related and were so far a part of the same transaction as to make it almost impossible to show the one without showing the others, and it would seem that the evidence was within the rule that permits the state to show a separate and distinct offense when the offense is so far related to the offense on trial as to form a part of the same transaction. *State v. McDowell,* 61 Wash. 398, 112 Pac. 521, Ann. Cas. 1912C 782, 32 L. R. A. (N. S.) 414.

But be this as it may, both the prosecuting attorney and the court did all that was possible to keep the

separate offenses from the knowledge of the jury. No question was asked of any of the witnesses concerning the separate offenses, and the court with meticulous care withdrew from the consideration of the jury all of the irresponsive answers of the witnesses concerning such offenses. It is not the rule that every inadvertent or irresponsive answer of a witness will work a new trial. The law presumes, and must presume, that the jury finds the facts from the evidence the court permits them to consider. Any other rule would render the administration of the law impractical. The state in criminal trials cannot choose its witnesses. It must call those who have knowledge of the facts, whether they be wilfully designing or stupidly ignorant, and if new trials were granted because of their irresponsive answers, the administration of the criminal laws would become so burdensome as to deny to the state the protection afforded by such laws. Again, as we have said on other occasions, to maintain a contrary rule is to impeach the intelligence of the jury; it is to say that they will return a verdict on evidence which the court tells them they must not consider—a verdict they would not have returned had the inadmissible evidence been kept entirely from their knowledge.

Helen Williams was the second of the daughters of Mrs. Williams. At the time the offense occurred for which the appellant was put on trial, she had passed her eighth year. When she was called as a witness by the state, the appellant objected to her qualifications as a witness, and, at the conclusion of her testimony, moved that it be drawn from the jury. The court overruled the objection and denied the motion, and these form the basis of the appellant's second assignment of error. The objection was founded on her tender years. But tender years alone is not in this state a ground for refusing to permit a witness to

testify. The statute provides (Rem. Comp. Stat., § 1213) [P. C. § 7724], that "children under ten years of age who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly," are not competent to testify, but it imposes no age limit. The rule heretofore announced by us is that whether a witness of tender years will be permitted to testify rests in the sound discretion of the court, to be reviewed only for manifest abuse. *State v. Smith*, 95 Wash. 271, 163 Pac. 759, and cases there collected. Here the court, before permitting the witness to be sworn, satisfied itself as to her competency, and an examination of the record in that particular convinces us that it did not abuse its discretion.

The motion to withdraw the witness' evidence from the jury is also without foundation. The witness, it is true, made contradictory statements in answer to questions propounded to her by the appellant's attorney for the purpose of testing her credibility, but this was not a sufficient ground for rejecting her testimony in its entirety. *State v. Smith, supra.* There was no contradiction in her testimony as to the facts which tended to show the appellant's guilt. These she related in a straightforward, intelligent manner, and we agree with the trial court that her testimony was competent under the statutory rule.

The officer who arrested the appellant under the warrant issued on the information remarked to him that it was hard to believe that a man of his standing could be guilty of so infamous a crime as that with which he was accused. The appellant answered, saying that the charge was preposterous; further saying, in substance, that he was, at the time the offense was alleged to have been committed, suffering from a contagious venereal disease, and that he could not possibly

have committed the offense charged without communicating the disease to the girl he was accused of assaulting. Later on he made a similar statement to the sheriff of the county in answer to a similar remark made by that officer. Earlier in the summer he had, through the agency of others, procured remedies for the disease, and had himself applied to and obtained from a druggist additional remedies. In each of these instances the appellant stated the nature of the disease from which he was suffering, giving to it the common name of the disease with which the prosecuting witness was found to be afflicted. The trial court permitted these matters to be shown in evidence, and its ruling in so doing constitutes the fourth error assigned. Counsel has devoted some space in his brief to an argument of the contention, but we do not think we need follow him. Clearly, in a prosecution for a sexual crime, it is corroborative of the more direct evidence to show that, at the time the offense was committed, the accused was afflicted with a venereal disease and that the victim of his assault was thereafter found suffering from the same disease. Our attention has not been called to any case maintaining a contrary rule, while there are a number in its support. *People v. Glover,* 71 Mich. 303, 38 N. W. 874; *State v. Marcks,* 140 Mo. 656, 41 S. W. 973, 43 S. W. 1095; *State v. Mason,* 152 Minn. 306, 189 N. W. 452; *State v. Mills,* 45 S. D. 633, 189 N. W. 941; *Lam Yee v. State,* 132 Wis. 527, 112 N. W. 425.

The remaining assignments question the sufficiency of the evidence to sustain the verdict of the jury. The main argument under this head is based on the fact that the prosecuting witness made no complaint of the assault immediately following its commission. This is indeed a strange circumstance, and had the evidence of the assault itself been doubtful the fact would tend

strongly towards the conclusion, even if it did not compel the conclusion, that no assault had been committed. But to show that no assault had been committed is the only way the fact can aid the appellant. Want of complaint, if the offense itself be established, no more tends to exculpate him than it tends to exculpate every other person. That a criminal assault was made upon the person of the girl, the evidence does not leave in doubt. Not only was there direct testimony showing it, but it is shown by the scars and abrasions upon her person and by the loathsome communicable disease from which she was found to be suffering.

But we think we need not pursue the inquiry further. We find no error in the record, and the judgment will stand affirmed.

HOLCOMB, MACKINTOSH, MITCHELL, and MAIN, JJ., concur.