**William Anderson DALE, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1965.

Frank E. Haddad, Jr., William B. Goldberg, Louisville, for appellant.

Robert Matthews, Atty. Gen., Charles W. Runyan, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant, age 63, shot and killed his wife, age 60. Upon trial he was found

guilty of voluntary manslaughter and his punishment fixed at 9 years' confinement in the penitentiary.

It is urged that the evidence is insufficient to sustain the verdict and judgment. The only eye-witness to the uxoricide was the appellant who did not testify or present any witnesses to sustain his claim of self-defense. He relied solely upon the evidence introduced in behalf of the Commonwealth to acquit him. This evidence shows that appellant told a police officer that he and his wife had an argument and scuffle during which she nicked him on the arm with a knife. In recounting appellant's statement the police officer testified:

> "* * * He told her to quit and not to do that and if she did he was going to kill her. So, he then went to the bedroom to a chest of drawers and opened the top drawer and got a 38 Smith and Wesson revolver and walked back to the dining room and at that time he said that she had this knife raised up ready to cut him again and that's when he fired 4 shots into her body."

It was shown that the deceased was shot once in the head, once in the left shoulder and twice in the left side of the chest.

In Lee v. Commonwealth, Ky., 329 S.W.2d 57, we said that where some of the evidence casts doubt on the accused's claim of self-defense the issue should be submitted to the jury. Also see Ferguson v. Commonwealth, Ky., 373 S.W.2d 729. Applying the rule enunciated by these cases to the instant one we believe that appellant's threat to kill his wife, the fact that he procured a pistol, returned to his wife's presence and shot her and the number and location of her wounds warranted submission of this case to the jury.

It is contended that the police officer's one reference to appellant's "past record" was erroneous and prejudicial. While the reference constitutes error we observe that it was not responsive to the question asked and that the trial court sustained the objection made to it. Under these circumstances we do not believe it was prejudicial. RCr 9.26.

It is further contended that the attorney for the commonwealth made improper remarks in his closing argument to the jury. That part of his argument to which appellant objected was that appellant had not promptly notified the police of the slaying. While there is no direct evidence in the record whether appellant did or did not call the police we believe that the prosecutor's statement was based upon a permissible inference drawn from the testimony on this point.

The judgment is affirmed.