STATE OF NEBRASKA, APPELLEE, V.
CURTIS J. BRANCH, APPELLANT.

307 N.W.2d 512

Filed June 26, 1981. No. 43568.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The defendant was charged with murder in the first degree and found guilty by a jury of murder in the second degree. He was sentenced to a term of life im-

prisonment. On appeal to this court he makes and argues two assignments of error: (1) The sentence is excessive; and (2) The court erred in permitting the introduction into evidence of three photographs of the body of the deceased. The facts surrounding the crime are the following. The defendant, at the time of the crime, was 24 years of age. He and the victim had been living together, along with the victim's 7-year-old son, for a period of about 3 years following the defendant's honorable discharge from the military service. The record indicates that there had been a series of quarrels between the defendant and the victim and that he had on occasion used violence upon her.

On the day of the crime they had quarreled. When he returned to the home later in the evening the quarrel continued. The defendant testified in his own behalf and said that the killing was an accident which occurred when, during the quarrel, he shoved her against the wall and she struck her head. The testimony of the pathologist was that the death was caused by a manual strangulation which would have required substantial force applied over a period of 5 to 10 minutes. The hyoid bone of the throat was fractured.

The defendant's only criminal record consists of an absence without leave from the Army for a period of $1\frac{1}{2}$ months. He apparently returned to the Army voluntarily. He has a rather long string of traffic offenses. He has not been convicted of a felony or other crime. He is a high school graduate and, at the time of his arrest, was employed by the division of parks of the city of Omaha.

The sentence imposed is the maximum provided by law for the offense of which he was convicted, but we cannot, because of the gravity of the crime, say that the sentence is excessive.

The defendant argues that the tendency of the photographs to which he objects to excite the passion and prejudice of the jury exceeded their probative value, were cumulative, and, therefore, their admission constituted prejudicial error which requires a new trial. One of the

photographs was taken in the garage where the defendant had deposited the body after the killing and shows the body in the condition in which it was found. It indicates bleeding from the mouth. The other two photographs were taken on the slab in the morgue before the autopsy. One of these photographs shows the same bleeding from the mouth as the one taken in the garage. The other photograph shows bruises about the throat. Both of the latter photographs are corroborative of the testimony of the pathologist as well as is the one of the body where it was discovered.

The admission of the photographs was not erroneous. See, *State v. Williams*, 205 Neb. 56, 287 N.W.2d 18 (1979); *State v. Freeman*, 201 Neb. 382, 267 N.W.2d 544 (1978); *State v. Partee*, 199 Neb. 305, 258 N.W.2d 634 (1977); *State v. Dittrich*, 191 Neb. 475, 215 N.W.2d 637 (1974).

AFFIRMED.