STATE OF NEBRASKA, APPELLEE, V. GALYN QUIRING, APPELLANT.
432 N.W.2d 243

Filed December 2, 1988.    No. 88-054.

Thomas R. Lamb, of Berry, Anderson, Creager & Wittstruck, P.C., for appellant.

Daniel L. Werner, Thayer County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On May 15, 1987, the defendant-appellant, Galyn Quiring, was cited for an axle weight violation at a weigh station located at the junction of U.S. Highways 81 and 136 near Hebron, Thayer County, Nebraska. At his July 27, 1987, arraignment, defendant waived reading of the complaint and pled not guilty. The matter was tried to the Thayer County Court immediately following arraignment, without objection. The county court found the defendant guilty of "overweight - single axle" in violation of Neb. Rev. Stat. § 39-6,180(2) (Reissue 1984) and sentenced him to pay a $750 fine and costs of $21. Defendant appealed to the district court. The district court for Thayer County affirmed the judgment of the county court, and defendant appealed to this court, alleging that the evidence was insufficient to establish his guilt beyond a reasonable doubt. We affirm.

In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Anderson*, 229 Neb. 427, 427 N.W.2d 764 (1988). In a jury-waived trial of a criminal case, the court, as the trier of fact, is the sole judge of the credibility of witnesses and the

weight to be given to their testimony. *State v. Berkman, ante* p. 163, 430 N.W.2d 310 (1988).

Viewing the evidence in the light most favorable to the State, the record shows that on May 15, 1987, at the time and place in question, defendant was hauling a load of plastic pipe in a 1984 Kenworth truck with a trailer. Defendant had 10 years' truck driving experience and had been driving this particular truck for 2 months. The truck was equipped with an air device capable of distributing the weight upon the trailer over the axles of the vehicle.

As defendant approached the Hebron weigh station, he rounded a gradual curve and pulled from the highway onto the scale. Defendant activated the air system of the trailer, thus "dumping" the air. Defendant testified this action had the effect of raising the back axle off the ground "so that way it doesn't drag on the pavement when you go around the corner" and causes the weight to settle on the third axle.

An officer of the Nebraska State Patrol Carrier Enforcement Division weighed the steering axle, the drive axle, and the two trailer axles. Those weights were recorded on a scale ticket showing the individual weight for each axle at the time it was weighed. When so weighed, the third axle weighed 25,170 pounds, which exceeded the gross load limit by 5,170 pounds.

Because trucks are not allowed to leave the scale overloaded and are required to legalize their loads before leaving, the officer directed that the truck be reweighed. Defendant testified that during the time he was on the scale, the trailer had been "airing back up" and that it takes about 3 minutes for the rear axle to return to its normal operating configuration after "dumping the air." Upon reweighing 2 minutes later, a second scale ticket showed that the weight upon the third axle was 14,830 pounds.

The officer then asked defendant to come back upon the scales to be weighed exactly as he came down the highway, and defendant did so. The scale tickets for this reweighing show the changes in the weight of the third axle as defendant returned the air to the position it was when he was operating the vehicle on the highway. Those values ranged from 26,120 to 26,810 pounds. Defendant then legalized the load upon the third axle

and was allowed to leave the scale.

Defendant was cited for violating § 39-6,180(2), in that the third axle was carrying a gross load which was 5,170 pounds in excess of the legal limit of 20,000 pounds. The officer explained to defendant that he was overweight on the third axle. Defendant stated to the officer that he keeps the truck that way, that he runs heavy on that axle, and that doing so saves wear and tear on the highway and on his tires. Defendant further stated that he carries that weight on his semitrailer all the time and that he had been issued citations before and was not going to pay this citation.

The county court concluded that as defendant came around the curve and proceeded toward the scale, he "did commence to air backup." The testimony and viewing of the witnesses, however, indicated to the trial judge that defendant started airing back up to get to legal weight, having been running illegally on the single axle, and that defendant was driving with in excess of 25,170 pounds on that axle as he pulled into the station.

The county court, as trier of fact, resolved any conflicts in the evidence in favor of the State. There is sufficient evidence in the record to sustain defendant's conviction. The decision of the Thayer County District Court, affirming the judgment of the county court for Thayer County, is affirmed.

AFFIRMED.