STATE OF NEBRASKA, APPELLEE, V. PHILLIP CAMACHO, APPELLANT.
437 N.W.2d 151

Filed March 17, 1989.   No. 88-555.

Charles F. Fitzke, Scotts Bluff County Public Defender, and Rae Ann Schmitz for appellant.

Robert M. Spire, Attorney General, and Denise E. Frost for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Following a trial by jury, defendant was convicted of breaking and entering, a violation of Neb. Rev. Stat. § 28-507 (Reissue 1985) and a Class III felony. He was sentenced to a term of imprisonment of 4 to 5 years. He has appealed, assigning as error the insufficiency of the evidence and the excessiveness of his sentence. We affirm.

Upon arriving at work on the morning of December 3, 1987, the owner of the Super Drug Store in Scottsbluff discovered

that the store had been burglarized. The screening from the air-conditioning shaft was broken, and there was dust and dirt on the floor beneath the shaft. Missing from the store were several wristwatches, calculators, camera lenses, and cameras. The air-conditioning serviceman testified that the insulation inside the unit had been disturbed and the dust had been cleaned from the shaft, as if "something went down through it." A brown leather jacket was found on the roof near the access panel to the air-conditioning unit. The police had theorized that the burglar entered the building through the air-conditioner vent, dropped down the shaft to the inside of the building, and then exited through the back door.

On this same morning, December 3, at approximately 6:30 a.m., three bags were found in the Dumpster in the alley next to the Super Drug Store. The bags were found to contain watches, camera equipment, calculators, etc., that were identified by the owner of the Super Drug Store as having been taken in the burglary.

According to a witness, Renee Foos, an occupant of the same house where defendant resided, the defendant knocked at the door of this house at about 5:30 a.m. on the morning of December 3. The defendant was extremely dirty, and his ankles were so swollen that he could hardly walk. She testified that the defendant told her that he had broken into a place, but he could not remember where; that he had left the stolen items in the trash and left the lid open on the trash; and that he had broken his ankles jumping from a roof.

Foos also testified that when the defendant left the house the night of December 2 he was wearing a brown leather coat of hers that he always wore, but that when he returned in the morning he did not have the coat. According to her further testimony, the defendant told Foos that he had left the coat on the roof because he could not "get through the hole" with it on.

The defendant denied his involvement in the burglary. He claimed he broke his ankles doing backflips as part of his workout to alleviate a hangover. He also claimed that he spent the night of December 2 at his uncle's house and knew nothing about the burglary.

The State's evidence, if believed, was sufficient to support a

guilty verdict. In determining the sufficiency of the evidence to sustain a criminal conviction, it is not the province of the Supreme Court to resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence; such matters are for the finder of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Quiring*, 230 Neb. 535, 432 N.W.2d 243 (1988). There is no merit to defendant's first assignment of error.

A Class III felony carries a possible penalty of 1 to 20 years' imprisonment and/or a fine of $25,000. The sentence imposed in this case was well within those limits. A sentence imposed within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion. *State v. Masur*, 230 Neb. 620, 432 N.W.2d 815 (1988).

The defendant first ran into trouble with the law while a juvenile, and he has been involved in a number of offenses since then, including a previous breaking and entering, receiving stolen property, resisting arrest, damaging property, assault, and a variety of alcohol-related offenses. The trial judge did not abuse his discretion.

The judgment of the district court is affirmed.

AFFIRMED.