STATE OF NEBRASKA, APPELLEE, V. LAWRENCE E. JONES, APPELLANT.

441 N.W.2d 605

Filed June 16, 1989.    No. 88-784.

Thomas M. Kenney, Douglas County Public Defender, and Brian S. Munnelly for appellant.

Robert M. Spire, Attorney General, and Donald E. Hyde for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Defendant has appealed from sentences of 12 to 25 years and 5 to 10 years imposed following convictions by a jury of a September 10, 1987, first degree sexual assault and robbery involving the same victim. After those convictions, defendant, as the result of a plea bargain, also entered pleas of nolo contendere, and defendant was convicted of attempted robbery, robbery, and first degree sexual assault which involved different victims and dates from those listed above. At the same sentencing proceedings, in addition to the first mentioned sentences, he was sentenced to terms of imprisonment of 1 year, 5 to 10 years, and 10 to 20 years, all five sentences to run consecutively to each other and to be served "in the Lincoln Regional Center and/or the Nebraska Penal and Correctional Complex" because defendant was found to be a treatable mentally disordered sex offender. He has appealed the convictions resulting from the jury trial and the five sentences, assigning as errors that the trial court failed to grant his motion for mistrial and imposed excessive sentences. We affirm.

The facts of the case involving the September 10 sexual assault and robbery are uncontested. The victim testified that at approximately 8:55 that evening, a person whom she identified as the defendant knocked on the door of her house and asked to be admitted so that he could call a cab. She said she would make the call for him. After the victim returned to the door to tell the defendant where the cab would pick him up, the defendant grabbed her arm and forced his way into the house.

Once inside the house, the defendant tackled the victim; he told her to shut up or he would stick her. He ripped off her robe and probed her vagina with his finger, sucked on her left breast and then her right breast, and penetrated her vagina with his tongue. He then heard a car approach and went to look out the window of the door because the victim had been telling him that her husband would be coming home. The defendant then stood over the victim; as she attempted to get up, he told her not to move or he would stick her. As he was standing over her, he saw

her purse on the dining room table. He opened it and removed money from it.

The defendant then went back to the victim and put his penis in the vagina of the victim, then in her mouth, and then forced her onto her hands and knees and rubbed his penis against her anus.

The claimed error regarding the motion for a mistrial occurred during examination by the prosecution of a forensic serologist, Dr. Reena Roy, concerning the comparison of pubic hairs of the victim with those obtained from the defendant. The testimony was as follows:

Q. Did you find any hairs in the evidence that was submitted to you?

A. Yes.

Q. Did you conduct an examination of those hairs in comparison tests?

A. Yes.

Q. Did the material that was submitted to you contain known samples of head and pubic hair from the defendant, Lawrence Jones?

A. Mr. Jones's pubic and head hair standards were submitted under a different case, which was . . .

At this point the defendant's counsel objected and moved for a mistrial, which motion was overruled by the trial court. However, the court immediately admonished the jury, stating, "The—The motion is denied. The jury will disregard any comments in the last response by Dr. Roy." Following a repeat of the same question, the witness answered, "Yes."

The decision to grant a motion for mistrial is within the discretion of the trial court and will be upheld on appeal absent a showing of abuse of discretion. *State v. Sardeson*, 231 Neb. 586, 437 N.W.2d 473 (1989); *State v. Byrd*, 231 Neb. 231, 435 N.W.2d 898 (1989); *State v. Jackson*, 231 Neb. 207, 435 N.W.2d 893 (1989). As noted recently in *State v. Pierce*, 231 Neb. 966, 977, 439 N.W.2d 435, 443 (1989), quoting *State v. Archbold*, 217 Neb. 345, 350 N.W.2d 500 (1984):

"A mistrial may be warranted where unfairness has been injected into a jury trial and so permeates the proceedings that no amount of admonition to the jury can remove the

unfairness to a party. . . . Therefore, a mistrial may be the only recourse on those occasions when admonition to the jury cannot eradicate the unfair prejudice to a party, or, as expressed in *Dunn v. United States*, 307 F.2d 883, 886 (5th Cir. 1962), 'Otherwise stated, one "cannot unring a bell"; "after the thrust of the saber it is difficult to say forget the wound"; and finally, "if you throw a skunk into the jury box, you can't instruct the jury not to smell it".' "

See, also, *State v. Jackson, supra*; *State v. Fraser*, 230 Neb. 157, 430 N.W.2d 512 (1988); *State v. Borchardt*, 224 Neb. 47, 395 N.W.2d 551 (1986).

As stated by this court in *State v. Archbold, supra* at 351, 350 N.W.2d at 504:

A mistrial results in nullification of a pending jury trial. In order to prevent defeat of justice or to further justice during a jury trial, a mistrial is generally granted at the occurrence of a fundamental failure preventing a fair trial in the adversarial process. Some examples are an egregiously prejudicial statement by counsel, the improper admission of prejudicial evidence, or the introduction of incompetent matters to the jury, to the extent that any damaging effect cannot be removed by proper admonition or instruction to the jury.

Ordinarily, however, when an objection to or motion to strike improper evidence is sustained and the jury is instructed to disregard it, such instruction is deemed sufficient to prevent prejudice. See, *State v. Jackson, supra*; *State v. DeGroot*, 230 Neb. 101, 430 N.W.2d 290 (1988); *State v. Borchardt, supra*; *State v. Ross*, 220 Neb. 843, 374 N.W.2d 228 (1985); *State v. Archbold, supra*; *State v. O'Kelly*, 193 Neb. 390, 227 N.W.2d 415 (1975); *State v. Dittrich*, 191 Neb. 475, 215 N.W.2d 637 (1974). " 'The test is this: Did the inadvertent remark, which the jury was instructed to disregard, when viewed against the backdrop of all the evidence, so taint the entire proceedings that the accused did not have a fair trial?' " *State v. Dittrich, supra* at 478, 215 N.W.2d at 639, quoting *State v. Johnson*, 60 Wash. 2d 21, 371 P.2d 611 (1962).

The trial judge immediately admonished the jury to disregard Dr. Roy's comment. In the overall context of the trial,

the admonishment should have been sufficient to eradicate any unfair prejudice to the defendant. It cannot be said that Dr. Roy's inadvertent comment so tainted the entire proceedings that the accused did not have a fair trial.

In *State v. Dittrich, supra* at 479, 215 N.W.2d at 640, this court concluded that "the evidence of defendant's guilt was conclusive and the objectionable statement could not have been a determinate factor in the verdict." In this case, the defense was not guilty by reason of insanity. There was substantial evidence that the defendant was the person who sexually assaulted and robbed the victim, which evidence was not seriously challenged during the trial. Thus, it can be said that the objectionable statement from Dr. Roy could not have been a determining factor in the verdict. There is no merit to defendant's first assignment of error.

Defendant's claim of excessiveness of the sentences is also meritless.

First degree sexual assault is a Class II felony, Neb. Rev. Stat. § 28-319 (Reissue 1985), punishable by imprisonment for not less than 1 nor more than 50 years, Neb. Rev. Stat. § 28-105(1) (Reissue 1985).

Robbery is a Class II felony, Neb. Rev. Stat. § 28-324 (Reissue 1985), punishable by imprisonment for not less than 1 nor more than 50 years, § 28-105(1).

Attempted robbery is a Class III felony, Neb. Rev. Stat. §§ 28-201 (Reissue 1985) and 28-324(1), punishable by imprisonment for not less than 1 nor more than 20 years, § 28-105(1).

The defendant, sentenced for four Class II felonies and one Class III felony, could have been sentenced to imprisonment for not less than 5 nor more than 220 years. The trial court sentenced the defendant to imprisonment for not less than 33 nor more than 65 years. The sentences are all within the limits prescribed by statute. A sentence imposed within statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Fulton,* 231 Neb. 918, 438 N.W.2d 788 (1989); *State v. Lehl,* 231 Neb. 906, 438 N.W.2d 505 (1989); *State v. Camacho,* 231 Neb. 522, 437 N.W.2d 151 (1989).

In imposing a sentence, a trial court should consider, among other things, the nature of the offense and the amount of violence involved in the commission of the crime. *State v. Trevino*, 230 Neb. 494, 432 N.W.2d 503 (1988); *State v. Thomas*, 229 Neb. 635, 428 N.W.2d 221 (1988); *State v. Antillon*, 229 Neb. 348, 426 N.W.2d 533 (1988). The seriousness of the offense is one of the important factors in setting a sentence, as is evidence of a defendant's character or previous conduct. *State v. Salas*, 231 Neb. 471, 436 N.W.2d 547 (1989); *State v. Antillon, supra*.

These crimes were serious, assaultive, and brutal. In addition to the crimes listed herein, defendant was convicted of first degree sexual assault, robbery, and false imprisonment in the district court for Sarpy County. It is clear that, as the sentencing judge stated, the defendant is extremely dangerous.

There having been no abuse of discretion on the part of the district court, its judgment is affirmed.

AFFIRMED.