STATE OF NEBRASKA, APPELLEE, V. KENNETH N. RHODES,
APPELLANT.
445 N.W.2d 622

Filed September 15, 1989.   No. 88-1042.

Barry Waid, Hall County Public Defender, and Gerard A. Piccolo for appellant.

Robert M. Spire, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

Following a plea of no contest, defendant, Kenneth N. Rhodes, was found guilty of attempted first degree sexual assault and was sentenced to imprisonment for a period of 8 to 12 years, with credit for time served. The term prescribed by statute for this offense is 1 to 20 years, and therefore the minimum term may not exceed 6 $2/3$ years. Apparently for that reason, defendant's sentence was later reduced to a term of 6 $2/3$ to 12 years. He has appealed, assigning as error that the trial court should not have accepted his plea of no contest because it was not entered voluntarily, knowingly, and intelligently and that the sentence, even as modified, was excessive. We affirm.

In the early morning hours of December 10, 1987, the victim was robbed and sexually assaulted in her home. Rhodes, a former tenant of the victim, was one of two suspects.

During the course of the investigation, a pair of shoes was seized from the defendant. The shoes were sent to the FBI crime laboratory in Washington, D.C., where they were compared with a footprint found on a chair under the window through which access into the victim's home was gained. It was determined that the footprint from the defendant's shoe matched the footprint on the cushion of the chair.

Rhodes was charged with first degree sexual assault, second offense; robbery; burglary; and use of a weapon in the commission of a felony. A habitual criminal charge was subsequently added to the information.

Initially, Rhodes pled not guilty to the charges against him. Pursuant to a plea bargain, he later pled no contest to attempted first degree sexual assault and all other charges were dropped. The trial court accepted the plea, found him guilty, and imposed the sentence, which was later reduced to conform to the limits prescribed by statute.

During defendant's original arraignment, the penalties for the various crimes charged against him were stated by the court: 1 to 50 years, 1 to 20 years, 1 to 20 years, and 1 to 20 years. At the second arraignment, where defendant was again represented by counsel and when he tendered his plea of nolo contendere, the court explained to him that an amended information had been filed charging him with "criminal

attempt, first degree sexual assault," for which the penalty was imprisonment for 1 to 20 years. Defendant replied that he understood the penalties. He also understood the right to have the information served on him and the right to have the information read to him. He waived those rights. He was advised of the other pleas which he could enter, of the right to a jury trial, of the right to call witnesses in his own behalf and the right to cross-examine the State's witnesses, and of the right to remain silent. He was told that the plea of no contest would be treated by the court the same as a guilty plea for the purposes of sentencing. The defendant stated that he had not been subjected to any threats or promises in order to induce his plea and that he was tendering his plea of his own will.

Although the court did not inform the defendant of his right to counsel, the record does reflect that he was represented by counsel at all stages of the proceedings. To hold that it was error for a court to fail to tell a defendant that by pleading nolo contendere he had waived the right to counsel when, in fact, he had been accorded that right would be "the epitome of slavish technicality." *State v. Neal*, 216 Neb. 709, 712, 346 N.W.2d 218, 220 (1984).

A factual basis in support of the plea was provided by the county attorney, which, if uncontested, left no reasonable doubt of defendant's guilt. In a dialogue with the court, the defendant maintained his innocence, but conceded that the plea of no contest was in his best interests.

Although the court made no detailed finding resolving the conflict between a claim of innocence and a plea of no contest, the fact that defendant was eliminating the possibility of apparent certain convictions for four crimes providing for a maximum cumulative term of imprisonment of 110 years, to say nothing of an enhanced term for being a habitual criminal, makes it apparent that the plea met the test of *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). As paraphrased by defendant's appellate counsel in his brief, *Alford* requires that "[p]leas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea, and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the

claim of innocence." Counsel continues his argument by stating that "[t]he reasoning in <u>Alford</u> emphasized the importance of evaluating the evidence the state would offer against the defendant as a test of whether the plea was intelligently entered . . . ." Brief for appellant at 8-9.

This court, in *State v. Irish*, 223 Neb. 814, 820, 394 N.W.2d 879, 883 (1986), established the following rule:

> [I]n order to support a finding that a plea of guilty or nolo contendere has been entered freely, intelligently, voluntarily, and understandingly,
>
> 1. The court must
>
> a. inform the defendant concerning (1) the nature of the charge; (2) the right to assistance of counsel; (3) the right to confront witnesses against the defendant; (4) the right to a jury trial; and (5) the privilege against self-incrimination; and
>
> b. examine the defendant to determine that he or she understands the foregoing.
>
> 2. Additionally, the record must establish that
>
> a. there is a factual basis for the plea; and
>
> b. the defendant knew the range of penalties for the crime with which he or she is charged.

The court concluded that

> the taking of the foregoing steps is sufficient to assure that a plea represents a voluntary and intelligent choice among the alternative courses of action open to a criminal defendant, the ultimate standard by which pleas of guilty or nolo contendere are to be tested. *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971).

*State v. Irish, supra* at 820, 394 N.W.2d at 883.

Furthermore, defendant later appeared before the trial court asking to withdraw his plea, at which time his counsel stated to the court that such motion to withdraw the plea was against his (counsel's) advice. After further questioning by counsel in open court, defendant then stated that he did *not* wish to withdraw his plea. When asked what might have led him to request permission to withdraw his plea, defendant stated, "It's just

that I'm not guilty of the crime but I'm just tired of everything; as long as it's taken I just want to get it over with."

In light of the factual basis supplied by the State, the severity of the potential punishment defendant faced if he went to trial and was found guilty of all charges, and defendant's acknowledgment that the plea was in his best interests, it was reasonable for the trial court to accept his plea despite his protestations of innocence.

Regarding defendant's claim that his sentence was excessive, we have said that a sentence imposed within statutorily prescribed limits will not be disturbed on appeal in the absence of an abuse of discretion. *State v. Thieszen*, 232 Neb. 952, 442 N.W.2d 887 (1989).

In imposing a sentence, a trial court should consider, among other things, the nature of the offense and the amount of violence involved in the commission of the crime. *State v. Jones*, 232 Neb. 576, 441 N.W.2d 605 (1989). The seriousness of the offense is one of the important factors in setting a sentence, as is evidence of a defendant's character or previous conduct. *Id.*

Attempted first degree sexual assault is a serious offense. In this case, violence was involved when defendant threatened the victim with a knife held to her throat and when defendant sexually assaulted the victim. As to defendant's previous conduct, he has a lengthy record of criminal activity which has resulted in five periods of probation, three of which were concurrent, and two periods of incarceration in the penitentiary. In his second incarceration in the penitentiary, defendant served 5 years on concurrent 7- to 10-year sentences for first degree sexual assault and sodomy.

It is clear that there was no abuse of discretion on the part of the trial court in imposing sentence and that under the circumstances of this case the modified sentence is not excessive.

The judgment of the district court is affirmed.

AFFIRMED.