STATE OF NEBRASKA, APPELLEE, V. PAUL J. VON BUSCH,
APPELLANT.
449 N.W.2d 237

Filed December 22, 1989.   No. 89-693.

Brian C. Bennett, of Dunlap & Bennett, P.C., for appellant.

Robert M. Spire, Attorney General, and Elaine A. Catlin for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

As the result of a plea bargain whereunder the plaintiff-appellee State dismissed other charges, defendant-appellant Paul J. Von Busch pled guilty to theft by unlawful taking of movable property having a value of more than $300 but less than $1,000, in violation of Neb. Rev. Stat. § 28-511 (Cum. Supp. 1988). He was thereafter adjudged guilty and sentenced to imprisonment for a period of not less than 20 months nor more than 5 years. Von Busch assigns as error the district court's (1) finding that his plea was voluntarily and intelligently entered, (2) imposition of an excessive sentence, and (3) failure to give credit for time Von Busch served prior to sentencing. We affirm the conviction, but vacate and remand for resentencing.

Von Busch's first assignment of error is predicated on the fact that the district court failed to advise him of his right to counsel. However, the record demonstrates that at the time the district court accepted the plea, Von Busch was represented by counsel.

It is not necessary to tell one who is represented by counsel that he or she has the right to such representation. *State v. Rhodes*, 233 Neb. 373, 445 N.W.2d 622 (1989); *State v. Neal*, 216 Neb. 709, 346 N.W.2d 218 (1984), *cert. denied* 469 U.S. 1110, 105 S. Ct. 788, 83 L. Ed. 2d 782 (1985).

The second assignment of error is equally without merit. The crime for which Von Busch stands convicted is a Class IV felony, Neb. Rev. Stat. § 28-518(2) (Reissue 1985), punishable by imprisonment for a period of 0 to 5 years, a fine of up to $10,000, or both such imprisonment and fine, Neb. Rev. Stat. § 28-105 (Reissue 1985). The controlling rule is that a sentence within statutorily prescribed limits will not be disturbed on appeal absent an abuse of discretion. *State v. Von Dorn, ante* p. 93, 449 N.W.2d 530 (1989); *State v. Rhodes, supra.* Although the prison sentence imposed is the maximum authorized by statute, there is nothing in the record which establishes that it constitutes an abuse of discretion.

However, as the State concedes, the third assignment of error has merit. The State admits that Von Busch spent 1 day in jail prior to being released on bond. When a defendant is sentenced to an indefinite term up to the maximum prison term possible, credit must be given for any previously served jail time. *State v. Von Dorn, supra*; *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988); Neb. Rev. Stat. § 83-1,106 (Cum. Supp. 1988).

Accordingly, we affirm the conviction, but vacate the sentence imposed by the district court and remand for resentencing in accordance with this opinion.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED FOR RESENTENCING.