STATE OF NEBRASKA, APPELLEE, V. JOEL L. HECKMAN, APPELLANT.

473 N.W.2d 416

Filed August 30, 1991.    No. 90-934.

Mark D. Albin for appellant.

Don Stenberg, Attorney General, and Donald A. Kohtz for appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan, Grant, and Fahrnbruch, JJ.

Fahrnbruch, J.

Dissatisfied with (1) the trial court's failure to give him credit for the time he spent in jail awaiting final disposition of his case involving three crimes and (2) the commencement date of the suspension of his driving privileges, Joel L. Heckman appeals to this court, complaining that his sentences are excessive.

We hold that Heckman should have received 6 days' credit on his sentences and affirm the judgment of the trial court in all other respects.

A sentence imposed within the statutory limits will not be disturbed on appeal unless the sentencing court has abused its discretion in the sentence imposed. *State v. Gibbs*, 238 Neb. 268, 470 N.W.2d 558 (1991). Where the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time. *State v. Vrtiska*, 227 Neb. 600, 418 N.W.2d 758 (1988). "Jail time" is commonly understood to be the time an accused spends in detention pending trial and sentencing. *State v. Fisher*, 218 Neb. 479, 356 N.W.2d 880 (1984).

On February 15, 1990, a Pierce County deputy sheriff responded to a report of an automobile in a ditch 4 miles north of Pierce, Nebraska. Upon arrival, the deputy sheriff found the driver, Heckman, waiting for assistance. Heckman smelled of alcohol, and he had slurred speech. A preliminary breath test of Heckman showed he was intoxicated. He was placed under arrest and transported to the sheriff's office. A subsequent inventory search of Heckman's car revealed a briefcase which contained a loaded pistol.

Heckman was charged in a three-count information in the district court for Pierce County. The counts were (1) possession of a firearm by a felon, a Class IV felony, see Neb. Rev. Stat. § 28-1206 (Reissue 1989), which carries a penalty of up to 5 years' imprisonment, up to a $10,000 fine, or both, see Neb. Rev. Stat. § 28-105 (Reissue 1989); (2) possession of a concealed weapon, a Class I misdemeanor, see Neb. Rev. Stat. § 28-1202(1) and (3) (Reissue 1989), which carries a penalty of

not more than 1 year's imprisonment, up to a $1,000 fine, or both, see Neb. Rev. Stat. § 28-106 (Reissue 1989); and (3) second-offense driving while under the influence of alcoholic liquor, a Class W misdemeanor, see Neb. Rev. Stat. § 39-669.07 (Reissue 1988), which carries a mandatory 30 days' imprisonment and a $500 fine, see § 28-106, and an order that such person not drive any motor vehicle for any purpose for a period of 1 year and an operator's license revocation for a like period, such revocation not to run concurrently with any jail term, see § 39-669.07(b).

On June 11, 1990, Heckman entered a guilty plea to each count of the information before the district court for Pierce County, under terms of a plea agreement. The district court accepted the pleas and adjudged the defendant guilty on each count in the information. Heckman had spent 6 days in jail prior to his release on bond. A sentencing hearing was to be held July 9, but Heckman failed to appear. On August 13, a bench warrant was issued for his arrest, but it was stayed until August 14 to give the defendant a chance to appear. Heckman did not appear and was subsequently arrested on August 15.

On August 22, 1990, Heckman was sentenced on count I, possession of a firearm by a felon, to not less than 20 nor more than 60 months' imprisonment and on count II to 1 year's imprisonment, to be served concurrently with the sentence in count I. On count III, the defendant was sentenced to 30 days' imprisonment, to be served concurrently with the sentences in counts I and II, fined $500, and ordered not to drive a motor vehicle for 1 year from the date of his release from incarceration. Heckman's motor vehicle operator's license was revoked for a like period. The prison sentence imposed on each count is the maximum sentence of incarceration provided by statute for each offense.

Heckman's first assignment of error is that the trial court failed to allow credit for the 6 days first served in jail after his initial arrest and the 7 days served in jail following his second arrest, after failing to appear. The applicable statute is Neb. Rev. Stat. § 83-1,106(1) (Cum. Supp. 1990), which provides:

> Credit against the maximum term and any minimum term shall be given to an offender for time spent in custody *as a*

> *result of the criminal charge for which a prison sentence is imposed* or as a result of the conduct on which such a charge is based. This shall specifically include, but shall not be limited to, time spent in custody prior to trial, during trial, pending sentence, pending the resolution of an appeal, and prior to delivery of the offender to the custody of the Department of Correctional Services.

(Emphasis supplied.)

In construing statutes, the Supreme Court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Weimer v. Amen,* 235 Neb. 287, 455 N.W.2d 145 (1990). It is clear that the only charges for which prison sentences were imposed were the initial three charges of possession of a firearm by a felon, possession of a concealed weapon, and second-offense driving while intoxicated. Heckman was arrested on February 15, 1990, for these charges, and according to his presentence investigation report, dated August 1, the defendant spent 6 days in jail. When Heckman was arrested on August 15, 1990, the charge was failure to appear when ordered, which is a separate Class IV felony. See Neb. Rev. Stat. § 29-908 (Reissue 1989). There was no conviction or sentence on the failure to appear charge. Therefore, the 7 days defendant spent in jail from August 15 until August 22, the date when he was sentenced on the original charges, do not fall within the statute. Credit should have been given for only the 6 days.

Heckman relies upon *State v. Von Busch,* 234 Neb. 119, 449 N.W.2d 237 (1989), claiming that the entire 13 days of jail time should be credited against his sentence. In *Von Busch, supra* at 120, 449 N.W.2d at 238, this court stated that "[w]hen a defendant is sentenced to an indefinite term up to the maximum prison term possible, credit must be given for *any* previously served jail time." (Emphasis supplied.) Despite the wording of this holding, a literal interpretation would clearly contravene the express language of § 83-1,106. The use of the term "any previously served jail time" refers to any jail time served on the charges for which sentences were imposed. The only exception for different offenses based on different conduct is found under § 83-1,106(4), which under the facts of this case would allow

the 6 days of credit to be applied to any sentence under the failure to appear charge if it was not previously credited under the initial three charges. Since the facts in this cause are to the contrary, subsection (4) does not apply.

To reach the result advocated by the defendant would in effect reward him for his actions in defying a court order. To the extent that *Von Busch, supra*, implies that "any" jail time means "all" jail time, it is overruled.

The purpose of jail time credit under § 83-1,106 "is to avoid the situation where one convicted of a crime is incarcerated for a period greater than the maximum term of years prescribed as punishment for the particular offense." *State v. Lynch*, 215 Neb. 528, 537, 340 N.W.2d 128, 134 (1983). As previously stated, the 7 days of incarceration were not a result of the particular offenses for which the defendant was actually sentenced.

In his second assignment of error, Heckman claims that the trial court erred when it ordered the defendant not to drive a motor vehicle for a period of 1 year from the date of his release from incarceration as it related to all three counts for which the defendant was sentenced. Heckman contends that this period should begin upon the expiration of his sentence for second-offense driving while under the influence of alcohol and should not be contingent upon any other imprisonment except as allowed by statute.

Applicable here is § 39-669.07(b), which provides in part:

> [T]he court shall, as part of the judgment of conviction [for second-offense drunk driving], order such person not to drive any motor vehicle for any purpose for a period of one year from the date ordered by the court and shall order that the operator's license of such person be revoked for a like period. . . . Such revocation shall not run concurrently with *any* jail term imposed.

(Emphasis supplied.)

Heckman claims that the language of the statute is ambiguous because it begs the question as to whether it applies only to the sentence imposed under the drunk driving conviction or whether it also applies to any other sentence imposed at the same time.

This court disagrees with Heckman's characterization of the statute. The statute is clear and unambiguous. The sentence "Such revocation shall not run concurrently with *any* jail term imposed" can have only one meaning. To reach the result advocated by Heckman would be absurd because, as with defendant's first assignment of error, it would reward a defendant for committing multiple criminal acts. Under the defendant's interpretation, a defendant who committed only second-offense drunk driving would suffer this additional penalty, whereas a defendant who committed an additional crime, and whose sentence for the second crime exceeded the 30-day and 1-year periods for the driving offense, would not have to suffer this additional penalty. That is because the 1-year suspension would expire before a defendant's release from incarceration. In construing a statute, it is presumed that the Legislature intended sensible, rather than absurd, results. *Houska v. City of Wahoo*, 235 Neb. 635, 456 N.W.2d 750 (1990). The only sensible result is that a penalty of suspending a motor vehicle operator's license be applied to individuals who have the ability to drive. It would be ludicrous to apply such a penalty to an individual while the individual is incarcerated. The trial court did not abuse its discretion in ordering the revocation of Heckman's driver's license to begin after his release from incarceration on all counts with which he was charged.

Consistent with this opinion, we modify Heckman's sentences so that he receives a total of 6 days' credit on his sentences for time spent in jail awaiting final disposition of his case. As modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.