STATE OF NEBRASKA, APPELLEE, V. DOUGLAS G. GROFF, APPELLANT.

529 N.W.2d 50

Filed March 10, 1995. No. S-94-228.

Thomas J. Gaul, Deputy Hall County Public Defender, for appellant.

Don Stenberg, Attorney General, and J. Kirk Brown for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

WRIGHT, J.

We granted the State of Nebraska's petition for further review of the decision of the Nebraska Court of Appeals which modified the sentences imposed on Douglas G. Groff. The State asserts that the Court of Appeals erred (1) in concluding that the repeal of Neb. Rev. Stat. § 83–1,105 (Reissue 1987) by 1993 Neb. Laws, L.B. 529, § 2, was inapplicable to this case and (2) in reducing Groff's sentences.

## SCOPE OF REVIEW

It is the duty of an appellate court to disturb a sentence on appeal which was within the statutory limits only if the sentence imposed was an abuse of judicial discretion. *State v. Riley*, 242 Neb. 887, 497 N.W.2d 23 (1993).

Where the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time. *State v. Heckman*, 239 Neb. 25, 473 N.W.2d 416 (1991).

A judge in sentencing is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled under Neb. Rev. Stat.

§ 83-1,106(1) (Reissue 1994). *State v. Esquivel*, 244 Neb. 308, 505 N.W.2d 736 (1993).

## FACTS

The factual basis for Groff's convictions is not in dispute. Groff pled no contest to three counts of first degree sexual assault on a child and one count of child pornography. Regarding each of the sexual assault counts, Groff faced a potential penalty of 1 to 50 years' imprisonment. See Neb. Rev. Stat. §§ 28-105 and 28-319 (Reissue 1989). Regarding the child pornography, Groff faced a potential penalty of 1 to 20 years' imprisonment, a $25,000 fine, or both. See § 28-105 and Neb. Rev. Stat. § 28-1463.04 (Reissue 1989). At the time of sentencing, the district court sentenced Groff to three terms of 20 to 50 years' imprisonment for the sexual assaults and to one term of 10 to 20 years' imprisonment for the child pornography. All of the sentences were ordered to be served consecutively.

On appeal to the Court of Appeals, Groff argued that the sentences imposed were excessive because they were not within the statutory limits applicable at the time he committed the crimes. The Court of Appeals modified the sentences to reflect the law in effect at that time, § 83-1,105, which required that the minimum sentence imposed by a trial court could not be more than one-third of the maximum term provided by law. The Court of Appeals found that Groff's minimum sentences should be $16^2/3$ years for each of the sexual assault charges and $6^2/3$ years for the child pornography charge.

## ASSIGNMENTS OF ERROR

In its petition for further review, the State argues that the Court of Appeals erred in concluding that the repeal of § 83-1,105 was inapplicable to this case and in reducing Groff's minimum sentences.

## ANALYSIS

*Modification of Sentences.*

"Generally, when an offense is committed prior to a statutory change, the amendment or new statute is not applicable to the defendant. . . . A change which imposes a more burdensome punishment than existed at the time a crime was committed runs

afoul of ex post facto principles." *State v. Martin*, 246 Neb. 896, 900, 524 N.W.2d 58, 60 (1994). According to the amended information, the crimes took place in May 1993. Section 83-1,105 was repealed by 1993 Neb. Laws, L.B. 529, § 2, which became effective on September 9, 1993. See Neb. Const. art. III, § 27.

We have held: "While procedural statutes do apply to pending litigation, it is a general proposition of law that they have no retroactive effect upon any steps that may have been taken in an action before such statutes were effective. All things performed and completed under the old law must stand." *State v. Russell*, 194 Neb. 64, 73, 230 N.W.2d 196, 203 (1975). The removal of the minimum limit on indeterminate sentences affected Groff's sentences.

When examining changes in statutory criminal sentencing procedures, the enactment, amendment, or repeal of a statute shall be treated as a substantive change in the law if the statute allows for a more burdensome potential punishment of the defendant than that allowed under the superseded or repealed statute. Prior to the repeal of § 83-1,105, judicial discretion regarding the minimum sentence that could be imposed for indeterminate sentences was limited by law. Section 83-1,105 provided that the minimum sentence could not exceed one-third of the maximum sentence. Statutes covering substantive matters in effect at the time of the transaction govern, not later enacted statutes. *Schall v. Anderson's Implement*, 240 Neb. 658, 484 N.W.2d 86 (1992). Thus, at the time that Groff committed the crimes, the minimum sentence imposed by the district court could not be more than one-third of the maximum term provided by law.

In *State v. Randolph*, 186 Neb. 297, 301-02, 183 N.W.2d 225, 228 (1971), we held: "[W]here a criminal statute is amended by mitigating the punishment, after the commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise." Here, the repeal of § 83-1,105 does not mitigate the punishment, but has the opposite effect. Therefore, the repeal of the statute does not apply to crimes committed prior to the repeal. The Court of Appeals correctly

determined that the minimum sentences imposed exceeded the maximum allowed minimum penalty and correctly ordered that the sentences imposed by the district court be modified accordingly.

*Credit for Time Served.*

At the conclusion of the sentencing hearing, the court stated: "I'm to give you credit for time served." However, the court's notes, the original commitment order, and the revised commitment order all fail to calculate the amount of credit Groff is to be given for time served. We note plain error in the failure of the district court to calculate the amount of credit to be given for time served. See *State v. Clausen, ante* p. 309, 527 N.W.2d 609 (1995). Where the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time. *State v. Heckman*, 239 Neb. 25, 473 N.W.2d 416 (1991). A judge in sentencing is required to separately determine, state, and grant the amount of credit on the defendant's sentence to which the defendant is entitled under § 83-1,106(1). *State v. Esquivel*, 244 Neb. 308, 505 N.W.2d 736 (1993). The record here does not indicate that the district court ever determined the amount of credit for time served to which Groff is entitled, and the Court of Appeals failed to order that the district court do so.

## CONCLUSION

We affirm the judgment of the Court of Appeals in part, but we remand the cause to that court with directions. The Court of Appeals is directed to remand the cause to the district court for a determination of the amount of credit for time served to which Groff is entitled.

AFFIRMED IN PART, AND IN PART
REMANDED WITH DIRECTIONS.