STATE OF NEBRASKA, APPELLEE,
v. JOHN C. MCLEANEY, APPELLANT.
578 N.W.2d 68

Filed April 14, 1998.   No. A-97-829.

Thomas C. Riley, Douglas County Public Defender, and Scott C. Sladek for appellant.

Don Stenberg, Attorney General, and Jay C. Hinsley for appellee.

HANNON, INBODY, and MUES, Judges.

INBODY, Judge.

John C. McLeaney appeals from sentences imposed on him by the district court for Douglas County. McLeaney asserts he was erroneously denied credit for jail time served. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

The factual basis for McLeaney's convictions is not in dispute. On March 6, 1997, McLeaney pled no contest to Nebraska charges of manslaughter and possession of a firearm by a felon. On May 31, 1997, he was sentenced to 20 years' imprisonment on the manslaughter conviction (the statutory maximum), with a minimum sentence of $6\frac{2}{3}$ years, and to 5 years' imprisonment on the possession conviction (the statutory maximum), with a minimum sentence of $1\frac{2}{3}$ years.

McLeaney was brought to Nebraska from a Missouri prison on or about June 5, 1996, pursuant to the Agreement on Detainers, Neb. Rev. Stat. § 29-759 (Reissue 1995). According to the presentence investigation report, on May 1, 1995, McLeaney was sentenced to 5 years' imprisonment in the Jefferson City, Missouri, Correctional Center, for unlawful possession of a firearm. McLeaney's Nebraska sentences are to run consecutively to the Missouri sentence.

McLeaney was held in the Douglas County Correctional Center for 435 days while awaiting trial on the Nebraska charges. At his sentencing hearing, he asked that this jail time

be credited against the sentences imposed for the Nebraska offenses. The sentencing court refused, concluding that "the time here in Nebraska is just a continuation of the Missouri incarceration." This appeal timely followed.

## ASSIGNMENT OF ERROR

McLeaney makes a single assignment of error: The sentencing judge erred in failing to grant him credit for time served while awaiting trial in Nebraska.

## STANDARD OF REVIEW

■ Unless the sentencing court has abused its discretion in imposing a sentence, that sentence, imposed within the statutory guidelines, will not be disturbed on appeal. *State v. Baker*, 250 Neb. 896, 553 N.W.2d 464 (1996).

## ANALYSIS

■ Neb. Rev. Stat. § 83-1,106(1) (Reissue 1994) provides that an offender is entitled to credit for "time spent in custody as a result of the criminal charge for which a prison sentence is imposed"; such credit is to include, but not is limited to, "time spent in custody prior to trial, during trial, [and] pending sentence." Where the imposed sentence of imprisonment is the statutory maximum for the offense, the sentencing court must give the defendant credit for jail time pursuant to § 83-1,106(1). *State v. Groff*, 247 Neb. 586, 529 N.W.2d 50 (1995).

■ The threshold question, therefore, is whether McLeaney was sentenced to the statutory maximum. That inquiry is complicated by the fact that effective September 9, 1993, the Nebraska Legislature repealed Neb. Rev. Stat. § 83-1,105 (Reissue 1994), which had provided that the minimum term of a sentence could be no more than one-third of the maximum term of the sentence imposed. McLeaney committed manslaughter on November 30, 1987 (before the repeal), and committed the offense of possession of a firearm by a felon on November 9, 1993 (after the repeal). Because "repeal of the statute does not apply to crimes committed prior to the repeal," *State v. Groff*, 247 Neb. at 589, 529 N.W.2d at 53, § 83-1,105 applies to the manslaughter offense; the sentence imposed on McLeaney for that offense is clearly the maximum permitted by

statute, in terms of both upper and lower limits. But because the offense of possession of a firearm by a felon occurred after the repeal of § 83-1,105, the argument could be made that this sentence was not at the statutory maximum, in terms of the lower limit imposed. However, because resolution of that issue is not necessary for resolution of this appeal, we will assume without deciding that the sentence for possession of a firearm by a felon was at the statutory maximum. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994) (appellate court is not obligated to engage in analysis which is not necessary to adjudicate case and controversy before it).

McLeaney argues that if he was in fact sentenced to the statutory maximum, he is entitled to credit for the 435 days spent in the Douglas County Correctional Center pending trial on those charges. However, the rationale behind the jail time credit of § 83-1,106(1) is " 'to avoid the situation where one convicted of a crime is incarcerated for a period greater than the maximum term of years prescribed as punishment *for the particular offense.*' " (Emphasis supplied.) *State v. Heckman*, 239 Neb. 25, 29, 473 N.W.2d 416, 419 (1991). Thus, the dispositive fact is not that McLeaney happened to be in a Nebraska jail pending trial on Nebraska charges, but, rather, that he had already been incarcerated for his Missouri offense, although serving a portion of that sentence in Nebraska.

Nebraska case law is clear that a convicted felon, incarcerated for one offense and awaiting trial on an unrelated offense, receives no credit, pursuant to § 83-1,106(1), for time served while awaiting trial and sentencing on the unrelated offense. See, e.g., *State v. Baker, supra* (offender not entitled to credit for that portion of time awaiting trial for murder during which offender was serving previously imposed sentence on unrelated charge). In other words, the statute provides for credit for the time the offender is forced to be in custody *as a result of the criminal charge for which sentence is imposed.* Although we have located no published Nebraska cases dealing with the specific issue of jail time credit involving separate offenses in separate states, we note the general rule as set out in 24 C.J.S. *Criminal Law* § 1577 at 169 (1989):

[C]redit for presentence incarceration generally, need not be given to an individual incarcerated by another jurisdiction for an unrelated offense. Thus, where a defendant is held in one state on charges from that state and a different state places a hold on him for criminal charges in that different state, such hold is irrelevant where the defendant is unable to satisfy the conditions for his release from the first state, and thus the defendant's custody is not time spent pursuant to that different state's offense and he is not entitled to credit for such time in respect to that different state's offense.

Further, article V(f) of the Agreement on Detainers, § 29-759(f), provides:

During the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this agreement, time being served on the sentence shall continue to run but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow.

We therefore conclude that even though McLeaney was in a Nebraska jail prior to disposition of his Nebraska charges, he was not in custody because of the Nebraska charges. He was in custody because of his conviction of a criminal offense and sentence in Missouri, and any jail time credits relate solely to that Missouri sentence.

## CONCLUSION

Because McLeaney was being held on the Missouri sentence, the sentencing court did not abuse its discretion in refusing to credit McLeaney for time served in Nebraska. We accordingly affirm.

AFFIRMED.