755 N.W.2d 604 (2008)
276 Neb. 573
STATE of Nebraska, appellee,
v.
Aaron WHITE, appellant.
No. S-07-1152, S-07-1153.
Supreme Court of Nebraska.
September 12, 2008.
*605 Dennis R. Keefe, Lancaster County Public Defender, and John C. Jorgensen for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*606 WRIGHT, J.

NATURE OF CASE
These consolidated appeals are before the court without oral argument pursuant to Neb. Ct. R.App. P. § 2-111(E)(5)(a). Aaron White entered pleas of no contest to two charges of driving while under the influence of alcohol (DUI). In each case, he was sentenced to 120 days in jail, to be served concurrently, and fined $200. His driver's license was revoked for 2 years. White contends that he should have been given a sentence of probation.

SCOPE OF REVIEW
[1] A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).
[2] Whether the sentence imposed is probation or incarceration is a matter within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. See State v. Worm, 268 Neb. 74, 680 N.W.2d 151 (2004).

FACTS
At 12:42 a.m. on July 27, 2006, White was stopped by an officer of the University of Nebraska-Lincoln Police Department because his truck's headlights were not on. The officer noticed an open container of beer, smelled an odor of alcoholic beverage, and observed that White had bloodshot eyes. White showed signs of impairment while performing a series of field sobriety tests. He was placed in custody and transported to a detoxification facility. There, a breath test showed his breath alcohol content (BAC) to be .241 of a gram of alcohol per 210 liters of breath. White was issued a citation for DUI, no proof of insurance, open alcoholic beverage container, no headlights at night, possession of drug paraphernalia, and possession of less than 1 ounce of marijuana. He was then transported to his home.
At 3:44 a.m. the same day, White was stopped a second time after a Lincoln Police Department officer observed White's vehicle with one functioning headlight, no license plates, and homemade "In-Transit" signs. The officer observed that White had watery, bloodshot eyes; his speech was heavily slurred; and there was a strong odor of alcohol on his breath. He was given field sobriety tests and placed in the back seat of the police cruiser. He failed a preliminary breath test and was transported to the detoxification facility. There, a breath test showed his BAC at that time was .196. White was given a citation for DUI and for not using a seatbelt.
Complaints were filed in Lancaster County Court on August 25, 2006, charging White with second-offense DUI with a BAC of more than .15, in violation of Neb. Rev.Stat. §§ 60-6,196 (Reissue 2004) and 60-6,197.03 (Cum.Supp.2006). The complaints alleged that White had previously been convicted of DUI in 2003 in Platte County, Nebraska.
After White entered no contest pleas to the charges on March 28, 2007, the trial court found him guilty on each charge of second-offense DUI with a BAC of more than .15. On May 11, White was sentenced in each case to 120 days in jail and ordered in each case to pay a fine of $200. His driver's license was revoked for 2 years. The sentences of incarceration were ordered to be served concurrently. On appeal to the Lancaster County District Court, White's convictions and sentences were affirmed.

ASSIGNMENTS OF ERROR
White assigns the following errors: The district court erred in (1) affirming the *607 order of the trial court that determined White was not eligible for probation, (2) determining the constitutionality of Neb. Rev.Stat. § 60-6,197.09 (Cum.Supp.2006) and whether the statute violated ex post facto prohibitions, and (3) affirming the trial court's imposition of excessive sentences that were disproportionate to the severity of the offenses.

ANALYSIS
[3] Under § 60-6,197.09, an individual who violates one of several DUI statutes while "participating in criminal proceedings" for DUI is not eligible for probation. White argues that he should have been eligible for probation because he was not "participating in criminal proceedings," when he received the second citation, because he had not yet been arraigned on the first citation. He contends the trial court abused its discretion in finding that he was not eligible for probation. However, we do not reach the question of whether White was "participating in criminal proceedings," because the trial court also concluded that he was not an appropriate candidate for probation. The only issue we must address, therefore, is whether the court abused its discretion in sentencing White.
White pled no contest to both of the DUI charges and was found guilty of second-offense DUI with a BAC of more than.15. The complaints alleged that White had previously been convicted of DUI in 2003 in Platte County, and he did not challenge that allegation at trial or on appeal. Whether the sentence imposed is probation or incarceration is a matter within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. See State v. Worm, 268 Neb. 74, 680 N.W.2d 151 (2004). A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. State v. Hessler, 274 Neb. 478, 741 N.W.2d 406 (2007).
At the sentencing hearing, the trial court noted that 9 months had passed since the citations were issued and that White had not yet obtained an alcohol evaluation. In addition, there was no evidence that he had attended Alcoholics Anonymous meetings or enrolled in any treatment program. The presentence report indicated that White did not believe he had an alcohol problem. White told the court he had not obtained treatment because he was a seasonal worker and had no funds during the winter.
The trial court stated that it was troubled that White was not willing to accept responsibility for his actions and "seem[ed] to have excuses for what happened that night." It stated to White, "You had to get your truck. You know, [it] had all that valuable stuff in it. Well, the reason why you talked the officer into letting you go home the first time was ... to look after your dog." Based on these factors, the court determined that White was not eligible for probation. We find no abuse of discretion in the trial court's decision. The record supports a finding that White was not an appropriate candidate for probation.
[4] White argues that the trial court imposed excessive sentences and that the district court erred in affirming the sentences. Pursuant to § 60-6,197.03(3), if a driver has had one prior DUI conviction, he is guilty of a Class W misdemeanor and the court shall order that the driver's license be revoked for 1 year. A Class W misdemeanor for a second conviction carries with it a maximum sentence of 6 months in prison and a mandatory minimum *608 sentence of 30 days in prison. Neb. Rev.Stat. § 28-106 (Cum.Supp.2006). Thus, White's sentence of 120 days in jail for each case was within the statutory limits. A sentence imposed within statutory limits will not be disturbed on appeal absent an abuse of discretion by the trial court. State v. Archie, 273 Neb. 612, 733 N.W.2d 513 (2007).
[5,6] White also assigns as error the district court's determinations that § 60-6,197.09 is constitutional and that it is not an ex post facto law. We do not reach these issues, because neither was raised by White in the courts below. An issue not raised before the trial court will not be considered by the Nebraska Supreme Court on appeal. See State v. Robinson, 272 Neb. 582, 724 N.W.2d 35 (2006). Although the district court addressed the issues related to § 60-6,197.09, we are not obligated to engage in an analysis that is not necessary to adjudicate the case and controversy before us. See Law Offices of Ronald J. Palagi v. Howard, 275 Neb. 334, 747 N.W.2d 1 (2008).

CONCLUSION
The trial court did not abuse its discretion in finding that White was not an appropriate candidate for probation. White's sentences were within the statutory limits and were not an abuse of discretion. The judgment of the district court, which affirmed the judgment of the county court, is affirmed.
AFFIRMED.