769 N.W.2d 781 (2009)
17 Neb. App. 539
STATE of Nebraska, appellee,
v.
Turner J. HYLAND, appellant.
No. A-08-897.
Court of Appeals of Nebraska.
April 21, 2009.
*782 Randall Wertz, of Recknor, Williams & Wertz, Lincoln, for appellant.
Jon Bruning, Attorney General, and Stacy M. Foust for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Turner J. Hyland appeals his conviction for first-offense driving under the influence. A state trooper stopped Hyland's vehicle because its front license plate was secured by one bolt and hanging downward. Hyland claims that the stop was not justified because the license plate was plainly visible, more than 12 inches off the ground, and not swinging. Because a license plate hanging downward in nearly a vertical position is not "fastened in an upright position" as required by the statute, we affirm.

BACKGROUND
On June 9, 2007, at approximately 1:06 a.m., Nebraska State Trooper Kaleb Bruggeman stopped a vehicle because the vehicle's front license plate was "hanging sideways" by one bolt. Bruggeman performed a traffic stop and arrested Hyland, the driver of the vehicle, as a result of the stop. The State subsequently filed a complaint in county court, charging Hyland with first-offense driving under the influence.
Hyland filed a motion to suppress any evidence obtained as a result of the alleged unlawful stop. During the hearing on the motion, Bruggeman drew a diagram representing the appearance of the front license plate. The diagram showed that the license plate was held by the bolt on the right side of the license plate and that the left side of the license plate was hanging down toward the ground. Bruggeman testified that when he stopped the vehicle, he advised Hyland that the reason for the stop "was that his front license plate was hanging by one bolt." Bruggeman testified that the plate was plainly visible, more than 12 inches off the ground, and not swinging.
Hyland disputed the degree to which the license plate was hanging. In Bruggeman's diagram, the license plate was nearly in a vertical line and practically perpendicular to the bumper. In Hyland's diagram, on the other hand, the license plate was slanted downward only to a slight degree, and Hyland testified that "it was more at a 45[-]degree angle than angled straight down." Hyland's diagram showed the plate to be affixed by the left-side bolt, rather than the right-side bolt. Hyland admitted that his own diagram showed the plate to be tilted downward and not fully upright in a horizontal position.
The county court stated that if the plate was hanging down as represented in Bruggeman's drawing, the trooper "would assume that it would be swinging, or that it wasn't prevented from swinging." Based on the drawing, the county court denied Hyland's motion to suppress.
*783 On April 15, 2008, the county court held a stipulated trial. The parties stipulated that Bruggeman's testimony would be consistent with his testimony at the suppression hearing and with his narrative of the arrest. In the narrative, Bruggeman stated that he observed the license plate "hanging sideways, not parallel to the ground." After stopping the vehicle, Bruggeman detected the strong odor of alcoholic beverage, and once Hyland stepped into the patrol car, Bruggeman ascertained that the odor of alcohol was coming from Hyland's breath. Bruggeman observed signs of impairment while Hyland performed field sobriety tests, and results of a preliminary breath test showed Hyland to have a breath alcohol content over the legal limit. Bruggeman then arrested Hyland. The county court found Hyland guilty of driving under the influence, and the sentence imposed by the court included 9 months' probation and a $400 fine.
Hyland appealed to the district court, which affirmed the judgment and sentence of the county court. Hyland now timely appeals to this court. Pursuant to authority granted to this court under Neb. Ct. R. App. P. § 2-111(B)(1), this case was ordered submitted without oral argument.

ASSIGNMENTS OF ERROR
Hyland assigns two errors. First, he alleges that the county court erred in finding that a license plate attached by one bolt constitutes reasonable suspicion that a crime is being committed pursuant to Neb. Rev.Stat. § 60-399 (Cum. Supp. 2008). Second, he contends that in deciding the motion to suppress, the county court assumed facts which were not in evidence.

STANDARD OF REVIEW
Both the district court and a higher appellate court generally review appeals from the county court for error appearing on the record. State v. Royer, 276 Neb. 173, 753 N.W.2d 333 (2008). In an appeal of a criminal case from the county court, the district court acts as an intermediate court of appeal, and as such, its review is limited to an examination of the county court record for error or abuse of discretion. Id.
A trial court's ruling on a motion to suppress based on the Fourth Amendment, apart from determinations of reasonable suspicion to conduct investigatory stops and probable cause to perform warrantless searches, is to be upheld on appeal unless its findings of fact are clearly erroneous. The ultimate determinations of reasonable suspicion to conduct an investigatory stop and probable cause to perform a warrantless search are reviewed de novo. Id.

ANALYSIS
Like our recent decision in State v. Richardson, 17 Neb.App. 388, 763 N.W.2d 420 (2008), the case before us centers upon whether the placement of a license plate on a motor vehicle complies with § 60-399(1), which states in relevant part that "license plates shall be securely fastened in an upright position to the motor vehicle . . . so as to prevent such plates from swinging and at a minimum distance of twelve inches from the ground to the bottom of the license plate." We agree with Hyland that § 60-399 does not require a plate to be attached by any specific number of bolts. But Bruggeman also testified that the plate was "hanging," and his drawing showed the plate to be at nearly a 90-degree angle to the bumper. Even Hyland admitted that his front license plate was not fully upright in a horizontal position.
*784 A traffic violation, no matter how minor, creates probable cause to stop the driver of a vehicle. State v. Royer, supra. Because the statute requires the license plate to be "in an upright position" and there is no dispute that it was not fully upright, we conclude that Bruggeman had not only a reasonable suspicion to conduct an investigatory stop, but also probable cause to stop the vehicle for violating a traffic statute.
Because we focus upon the requirement that the plate be in an "upright position," we do not need to address the county court's statement that if the plate was hanging as depicted in Bruggeman's drawing, the trooper "would assume that [the plate] would be swinging, or that it wasn't prevented from swinging." See State v. White, 276 Neb. 573, 755 N.W.2d 604 (2008) (appellate court is not obligated to engage in analysis that is not necessary to adjudicate case and controversy before it). While we recognize that § 60-399 also requires that the plate be securely fastened so as to prevent it from swinging, we decide the case based on the other statutory language.

CONCLUSION
We conclude that the county court did not err in overruling Hyland's motion to suppress, because the state trooper had probable cause to stop Hyland's vehicle for violating the statute requiring license plates to be securely fastened in an upright position. We therefore affirm the judgment of the district court, which upheld the judgment below.
AFFIRMED.